## EMERY v TOLEDO (City)

Ohio Appeals, 8th Dist, Lucas Co

No. 2253. Decided October 21, 1929

Mr. Chas. A Thatcher, Toledo, for Emery. Messrs. Dudley Smith, Martin S. Dodd and Mark Winchester, all of Toledo, for City.

WILLIAMS, J.

It will be observed that the jury returned the verdict fixing the value of the property to be appropriated at the same amount as that given in the opinion of value expressed by the witness Wakefield and no other witness called by either of the parties fixed that sum as the value of the property in question nor did any witness testifiy to any sum as the value of such property that was approximately near to the value fixed by the witness Wakefield. Clearly, the first quoted statement of the court was erroneous in character and highly prejudicial and we do not think it was cured in the statement latterly made by the court. In fact, in such latter statement, the trial judge said in substance that he had known Mr. Wakefield for many years and knew that he lived out there and that he considered him a qualified witness. The trial judge went a good ways in expressing his own personal opinion as to the qualification of this expert witness and such statement was well calculated to influence the mind of the jury. Of course, the trial judge passes upon the preliminary qualification of an ex-

pert witness as to the value of real estate, but if he finds the witness is qualified he must base that finding on the evidence adduced. What the trial judge said in the latter statement amounted to an expression of his own opinion as to the qualifications of this witness and was therefore erroneous and prejudicial in itself. The inference is plain that these erroneous and prejudicial statements were effective in inducing the verdict which was returned. It is true that as a rule inadvertent remarks made by a trial judge may be cured by him by properly instructing the jury with regard thereto, but when we consider the facts and circumstances surrounding the trial of this case, in the light of the verdict returned, we are compelled to the conclusion that the court below erred to the prejudice of the plaintiff in error. We are mindful of the difficulties encountered by a trial judge in the course of a jury trial and know that inadvertent remarks may escape him in the heat of contest, and being conscious of the integrity of purpose and ability of the trial judge, we can justly offer no criticism of the conduct of the case, other than that the utterances were inadvertent.

Complaint is made that the court erred in refusing requests to charge before argument submitted by defendant below. We think upon retrial No. 14 should be given, although Nos. 12 and 13 cover in part the same ground.

We find no other error apparent upon the face of the record. For the reasons given the judgment will be reversed and the cause remanded for a new trial.

Lloyd and Richards, JJ, concur.